ROBERT J. ROSATI, SBN 112006
robert@erisalg.com
RAQUEL M. BUSANI, SBN: 323162
raquel@erisalg.com
6485 N. Palm Avenue, Suite 105
Fresno, California 93704
Telephone: 559-478-4119
Telefax: 559-478-5939

Attorneys for Plaintiff,
COURTNEY KORENKIEWICZ

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| COURTNEY KORENKIEWICZ, <br> Plaintiff, <br> v. <br> STANDARD INSURANCE COMPANY, <br> Defendant. | CASE NO. <br><br> **COMPLAINT** |

Plaintiff, Courtney Korenkiewicz ("Korenkiewicz" or "Plaintiff") alleges as follows:

## JURISDICTION

1. Plaintiff's claim for relief arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. section 1132(a)(1). Pursuant to 29 U.S.C. section 1331, this court has jurisdiction over this action because this action arises under the laws of the United States of America. 29 U.S.C. section 1132(e)(1) provides for federal district court jurisdiction of this action.

///

## VENUE

2. Venue is proper in the Central District of California because Plaintiff was and is a resident of the City of Indio, in the County of Riverside, California, when Defendant terminated her long term disability ("LTD") benefits and denied her appeal of that decision. Therefore, 29 U.S.C. section 1132(e)(2) provides for venue in this Court. Intradistrict venue is proper in this Court's Eastern Division.

## PARTIES

3. Plaintiff is, and at all times relevant hereto was, a participant, as that term is defined by 29 U.S.C. section 1000(7), of the California Teachers Association Economic Benefits Trust, and thereby entitled to receive benefits therefrom. Plaintiff was a participant because she was a member in good standing of the California Teachers Association, was employed by a California public school as a teacher, was regularly working for her employer full-time, is a citizen and resident of the United States, and elected to be insured through the plan established by the California Teachers Association ("CTA"). The CTA established The Plan to provide certain benefits, including LTD benefits, to its members through the California Teachers Association Economic Benefits Trust.

4. Defendant, Standard Insurance Company ("Standard" or "Defendant"), is a corporation organized and operating under the laws of the State of Oregon with its principal place of business in Portland, Oregon, and which is licensed to transact, and is transacting, insurance in the State of California. Defendant issued Policy 501000-M ("The Policy"), to the California Teachers Association Economic Benefit Trust. The Policy was issued in California and is subject to its laws. The Policy was issued on September 1, 2007, and amended several times thereafter. Standard thus insured The Plan, is obligated to provide all benefits claimed, and acted on behalf of The Plan in all matters alleged herein, including making the decisions to terminate Plaintiff's LTD benefits and deny her appeal of that decision.

5. The Plan is an employee welfare benefit plan organized and operating under the provisions of ERISA, 29 U.S.C. section 1001 et seq.

6. The Policy provides LTD benefits, in the amount of 75% of the covered person's Regular Daily Salary, reduced by Deductible Income.

7. Under the Policy Disability is defined as:

> "You are Disabled if you meet the following definitions during the periods they apply:
>
> A. Usual Occupation Definition of Disability.
> B. Any Occupation Definition of Disability.
>
> A. Usual Occupation Definition of Disability
> During the Benefit Waiting Period and the Usual Occupation Period you are required to be Totally Disabled from your Usual Occupation or Partially Disabled from your Usual Occupation.
>
> 1. Total Disability Definition: You are Totally disabled from your Usual Occupation if, as a result of Sickness or Injury you are unable to perform with reasonable continuity the Substantial and Material Acts necessary to pursue your Usual Occupation and you are not working in your Usual Occupation.
>
> 2. Partial Disability Definition: You are Partially Disabled from your Usual Occupation if you are not Totally Disabled and you are actually working in your Usual Occupation but, as a result of Sickness or Injury, you are unable to earn 80% or more of your Indexed Regular Daily Contract Salary.
>
> \* \* \* \*
>
> Usual Occupation may be interpreted to mean the employment, business, trade or profession that involves the Substantial and Material Acts of the occupation you are regularly performing for your Employer when Disability begins. Usual Occupation is not necessarily limited to the specific job you perform for your Employer.
>
> Substantial and Material Acts means the important tasks, functions and operations generally required by employers from those engaged in

your Usual Occupation that cannot be reasonably omitted or modified. In determining what Substantial Acts and Material Acts are necessary to pursue your Usual Occupation, we will first look at the specific duties required by your job.  If you are unable to perform one or more of these duties with reasonable continuity, we will then determine whether those duties are customarily required of other individuals engaged in your Usual Occupation.  If any specific, material duties required of you by your job differ from the material duties customarily required of other individuals engaged in your Usual Occupation, then we will not consider those duties in determining what Substantial and Material Acts are necessary to pursue your Usual Occupation."

8. Prior to becoming disabled, Korenkiewicz was an elementary school teacher employed Coachella Valley Joint Unified School District.

9. Korenkiewicz became disabled on August 15, 2022.

10. Standard paid certain LTD benefits to Korenkiewicz for the period from August 24, 2022 through February 28, 2023.

11. By letter dated April 13, 2023, Standard terminated Korenkiewicz's LTD benefits, effective February 28, 2023.  The letter invited Korenkiewicz's to request a review of that decision.

12. Korenkiewicz timely requested a review of the April 13, 2023, termination of her LTD benefits.

13. By letter dated August 4, 2023, Standard denied Korenkiewicz's request for review of the decision terminating her LTD benefits.

14. Plaintiff is and at all times since August 15, 2022, has been totally disabled under the terms of the Policy.

15. Korenkiewicz has performed all conditions precedent required to be performed by her under the terms of The Policy.

16. ERISA section 503, 29 U.S.C. section 1133 provides:

"In accordance with regulations of the Secretary, every employee benefit plan shall:

> (1)   provide adequate notice in writing to any participant, beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reason for such denial, written in a manner calculated to be understood by the participant, and
> (2)   afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim."

17.   Defendant was required to provide Plaintiff a full and fair review of her claim for benefits pursuant to 29 U.S.C. §1133 and its implementing Regulations.  Specifically:

   A.   29 U.S.C. §1133 mandates that, in accordance with the Regulations of the Secretary of Labor, every employee benefit plan, including defendants herein, shall provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant and afforded a reasonable opportunity to any participant whose claim for benefits has been denied a full and fair review by an appropriate named fiduciary of the decision denying the claim.

   B.   The Secretary of Labor has adopted Regulations to implement the requirements of 29 U.S.C. §1133.  These Regulations are set forth in 29 C.F.R. §2560.503-1 and provide, as relevant here, that employee benefit plans, shall establish and maintain reasonable procedures governing the filing of benefit claims, notifications of benefit determinations, and appeal of adverse benefit determinations and that such procedures shall be deemed reasonable only if:

   i.   Such procedures comply with the specifications of the Regulations.

   ii.   The claims procedures contain administrative processes and safeguards designed to ensure and to verify that benefit determinations are made in accordance with governing plan

documents and that, where appropriate, the Policy provisions have been applied consistently with respect to similarly situated claimants.

iii. Written notice is given regarding an adverse determination (i.e., denial or termination of benefits) which includes: the specific reason or reasons for the adverse determination; with reference to the specific plan provisions on which the determination is based; a description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; a description of the Policy's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of ERISA following a denial on review; if an internal rule, guideline, protocol, or similar criterion was relied upon in making the adverse determination, either the specific rule, guideline, protocol, or other similar criterion or a statement that such a rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination and that a copy of such rule, guideline, protocol, or other criterion will be provided free of charge to the claimant upon request.

iv. Defendant is required to provide a full and fair review of any adverse determination which includes:

a. That a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits.

b. A document, record, or other information shall be considered "relevant" to a claimant's claim if such document, record, or other information: (1) was relied upon in making the

benefit determination; (2) was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination; (3) demonstrates compliance with the administrative processes and safeguards required pursuant to the Regulations in making the benefit determination; or (4) constitutes a statement of policy or guidance with respect to The Policy concerning the denied benefit without regard to whether such statement was relied upon in making the benefit determination.

      c.      The Regulations further provide that for a review that takes into account all comments, documents, records and other information submitted by the claimant relating to the claim, without regard to whether such information was submitted or considered in the initial benefit determination;

      d.      The Regulations further provide that, in deciding an appeal of any adverse determination that is based in whole or in part on a medical judgment that the appropriate named fiduciary shall consult with a healthcare professional who has appropriate training and experience in the field of medicine involved in the medical judgment.

      e.      The Regulations further require a review that does not afford deference to the initial adverse benefit determination and that is conducted by an appropriate named fiduciary of the Plan who is neither the individual who made the adverse benefit determination that is the subject of the appeal nor the subordinate of such individual.

18. Defendant denied Plaintiff a full and fair review of her claim for benefits as follows:

    A.    Standard does not have claims procedures which contain administrative processes and safeguards designed to ensure and to verify that benefit determinations are made in accordance with governing plan documents and that, where appropriate, the Policy provisions have been applied consistently with respect to similarly situated claimants but did not provide them to Korenkiewicz.

    B.    Standard, when denying Plaintiff's claim for LTD benefits, did not provide a description of the additional material or information necessary for Plaintiff to perfect her claim or an explanation of why such material or information was necessary.

    C.    Standard did not consider the comments and documents submitted in support of Plaintiff's appeal of the termination of her LTD benefits.

    D.    Defendant otherwise violated the Regulations regarding Korenkiewicz's claim and appeal.

19. This Court is required to review the denial of Plaintiff's benefits *de novo* because: (1) the Policy does not reserve discretion; and (2): any discretionary clause in the Policy, should it exist, is void and unenforceable due to California Insurance Code §10110.6 because the Policy:

    A.    provides life insurance or disability insurance coverage, to any California resident;

    B.    was issued after the effective date of Insurance Code §10110.6 of January 1, 2012.

20. Alternatively, if for any reason the Court concludes that review is for abuse of discretion, then this Court should review Standard's decision with limited deference because:

  A. Standard is both the administrator and the funding source for The Policy, and therefore has a conflict of interest.

  B. Standard failed to comply with ERISA=s procedural requirements regarding benefit claims procedures and full and fair review of benefit claim denials as set forth in Paragraph 45;

  C. Standard's decision-making was influenced by its financial conflict of interest and its use of biased medical and vocational reviewers.

21. Defendant's termination of Plaintiff's LTD benefits was arbitrary and capricious, an abuse of discretion, and a violation of the terms of the Policy.

22. An actual controversy has arisen and now exists between Plaintiff and Defendant with respect to: (1) whether Plaintiff is entitled to additional LTD benefits under the Policy; and (2) the amount of benefits to which Plaintiff is entitled and whether Standard paid the correct amount of benefits for the period during which it paid benefits, that is from August 24, 2022 through February 28, 2023.

23. Plaintiff contends, and Defendant disputes, that; (1) Plaintiff is entitled to continued LTD benefits under the terms of the Policy because Plaintiff contends, and Defendant disputes, that Plaintiff is and has been since February 28, 2023, and continues to be totally disabled as that term is defined by the Policy; and (2) Plaintiff is entitled to a greater level of benefits than Standard paid her, both for the period from August 24, 2022 through February 28, 2023, and for all periods thereafter.

24. Plaintiff desires a judicial determination of her rights and a declaration as to which party's contentions are correct, together with a declaration that Defendant is obligated to pay long-term disability benefits of the Policy, retroactive to the first day her benefits were terminated, until and unless such time that Plaintiff is no longer eligible for such benefits under the terms of the Policy, at the proper rate.

25. A judicial determination of these issues is necessary and appropriate at this time under the circumstances described herein in order that the parties may ascertain their respective rights and duties, avoid a multiplicity of actions between the parties and their privities, and promote judicial efficiency.

26. As a proximate result of Defendant's wrongful conduct as alleged herein, Plaintiff was required to obtain the services of counsel to obtain the benefits to which she is entitled under the terms of the Policy. Pursuant to 29 U.S.C. section 1132(g)(1), Plaintiff requests an award of attorney's fees and expenses as compensation for costs and legal fees incurred to pursue Plaintiff's rights.

WHEREFORE, Plaintiff prays judgment as follows:

1. For an order requiring Standard to retroactively reinstate Korenkiewicz's LTD benefits and pay those benefits for as long as Korenkiewicz is entitled to them under the terms of the Policy; and to pay the correct amount of benefits for all periods, including additional benefits for the period from August 24, 2022, through February 28, 2023.

2. For pre-judgment interest on all sums awarded;

3. For attorney's fees pursuant to statute against Standard Insurance Company.

4. For costs of suit incurred.

5. For such other and further relief as the Court deems just and proper.

Dated:      September 1, 2023

           */s/  Robert J. Rosati*
           ROBERT J. ROSATI,
           Attorney for Plaintiff,
           COURTNEY KORENKIEWICZ